IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FIFTH DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 9460, UNITED STEELWORKERS OF AMERICA,<br><br>Defendant. | Civil Action<br><br>No. |

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the April 16, 2009 election of union officers conducted by Local 9460, United Steelworkers of America ("Defendant" or "Local 9460" or "Local") for the offices of President, Vice-President, Guide, Inner Guard, Outer Guard, and three Trustee positions is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

1

PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Saint Louis, Minnesota, within the jurisdiction of this district.

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 402(b) of the Act, 29 U.S.C. §§ 402(i), 402(j), and 482(b).

FACTUAL ALLEGATIONS

A.   Administrative Exhaustion and Timeliness

7. Defendant, purporting to act pursuant to its Bylaws and the International United Steelworkers' ("International") Constitution, conducted an election of officers on April 16, 2009, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By hand-delivered letter dated April 20, 2009, to the Recording Secretary for Defendant, the complainants, Brad Engh and Laura Vu (hereinafter "complainants"), members in good standing with Defendant, protested the April 16, 2009 election of officers.  This complaint was timely submitted prior to the next regular membership meeting following the election.

9. At the next regular membership meeting, held April 21, 2009, the complaint letter was read aloud and discussed.  A written response was not given to the complainants, and the only recommendation made was to form a committee to deal with the issue in future elections.

10. By letter dated April 27, 2009, within 10 days of the Defendant's action regarding their complaint, complainants appealed to the International Secretary-Treasurer.

11. On July 10, 2009, a Commission Hearing was conducted by International Representative Keith Grover to allow testimony on complainants' allegations.

12. Complainants exhausted administrative remedies, including the issue of Defendant's failure to mail a joint nominations/election notice to each member, as the International conducted a *de novo* review of the administrative complaint and subsequently ruled complainant's evidence was insufficient for the panel to overturn a Local Union election. Exhibit 3.

13. Having invoked the remedies available for three calendar months without receiving a final decision after invocation, the complainants filed a timely complaint with the Secretary of Labor on August 12, 2009, within the one calendar month required by section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

14. The instant action is timely. Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election is January 27, 2010. Exhibits 1 and 2.

B.   Violations of the Act

15. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's April 16, 2009 election; and (2) that such violation had not been remedied at the time of the institution of this action.

16. Specifically, Plaintiff found probable cause that Defendant failed to use its most recently available membership contact list when sending out its joint nominations/elections notice ("joint notice") by mail on or about March 2, 2009. The Plaintiff found that Defendant

had a membership contact list that had been updated in January 2009, but instead used a membership contact list from October 2008 as the basis for its joint notice mailing.

17. Plaintiff further discovered that there were well over 100 members listed on the January 2009 list who were not on the October 2008 list and thus were not mailed the joint notice and did not vote in the April 2009 election.

18. According to Plaintiff's re-count of the election tally, the largest margin of victory for any of the contested elected offices in the April 2008 election was 53 votes.

## CAUSE OF ACTION

19. Plaintiff restates and realleges Paragraphs 1 through 17 as though set forth here in full.

20. Defendant violated Section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, by failing to mail the joint notice to each Local 9460 member within 15 days prior to the election.

21. The violation of Section 401(e) of the Act, 29 U.S.C. § 481(e) may have affected the outcome of the Defendant's election for the offices of President, Vice-President, Guide, Inner Guard, Outer Guard, and Trustee (three positions).

## PRAYER FOR RELIEF

21. WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President, Vice-President, Guide, Inner Guard, Outer Guard, and Trustee (three positions) to be void;

(b) directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated:   1-26-10                              Respectfully submitted,

                                                 TONY WEST
Assistant Attorney General

B. TODD JONES
United States Attorney

By: s/ Lonnie F. Bryan
  LONNIE F. BRYAN
  Assistant U.S. Attorney
  300 South Fourth Street, Suite 600
  Minneapolis, Minnesota  55415
  Phone: 612-664-5687
  Email: Lonnie.Bryan@usdoj.gov

OF COUNSEL:

DEBORAH GREENFIELD
Acting Deputy Solicitor

KATHERINE E. BISSELL
Associate Solicitor

SHARON HANLEY
Counsel for Labor-Management Programs

JOAN E. GESTRIN
Regional Solicitor

KEIR BICKERSTAFFE
Attorney

U.S. Department of Labor